UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                          :

**PETER A CENTENO**,
                          :

               Plaintiff,
                          :   **MEMORANDUM DECISION AND**
                               **ORDER**
        – against –
                          :

                          :   23-CV-8173 (AMD) (JMW)

**THE BOARD OF EDUCATION OF
HICKSVILLE, UFSD,** *A Whole Corporate Body*
*Established Under NYS ED. Law Chapter 16, Title*
*2, Article* 35, **PHILIP HECKLER,** *individually,*
*and as board president,* **BRENDA JUDSON,**
*individually, and as board vice president,* **SUNITA**
**MANJREKAR,** *individually, and as board*
*secretary,* **LINDA IMBRIALE,** *individually, and*
*as board trustee,* **IRENE CARLOMUSTO,**
*individually, and as board trustee,* **ANNETTE**
**BIENER,** *individually, and as board trustee,*
**CARLA HOENE,** *individually, and as board*
*trustee,* and **MARIANNE LITZMAN,**
*individually, and as superintendent of schools,*

              Defendants.      :

---------------------------------------------------------------- X
                          :

**PETER A CENTENO**,
                          :

               Plaintiff,
                          :   24-CV-664 (AMD) (JMW)
        – against –
                          :

**THE COUNTY OF NASSAU,** *a municipal*
*corporation, as defined under NYS GCN Chapter*
*22, Article 2-A, section 65(b)(1) and section 66(2),*
**NASSAU COUNTY POLICE DEPARTMENT,**
*a public corporation, existing under, and by virtue*
*of the laws of the State of New York,* **ERIK O**
**KAHL,** *individually, and as police detective for*
*NCPD, and THE COUNTY OF NASSAU, 1423,*

**CHRISTOPHER R STONE,** *individually, and as police detective for NCPD, and THE COUNTY OF NASSAU, 9935,* **TIMOTHY J INGRAM,** *individually, and as police detective for NCPD, and THE COUNTY OF NASSAU, 10158,* **CHRISTOPHER J INGRAM,** *individually, and as police detective for NCPD, and THE COUNTY OF NASSAU, 1441,* **JOHN A WELLENREUTHER,** *individually, and as police sergeant for NCPD, and THE COUNTY OF NASSAU, 9147,* and **MELISA B CIARAMITARO,** *individually, and as police officer for NCPD, and THE COUNTY OF NASSAU,*

Defendants.

------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On March 11, 2025, Magistrate Judge James Wicks issued a Report and Recommendation in which he recommended that the Court dismiss the above actions for failure to prosecute.[1]  The Court adopted the Report and Recommendation on March 27, 2025 and dismissed both cases without prejudice.  On April 30, 2026, the plaintiff filed a motion for reconsideration of the Court's order adopting Judge Wicks's Report and Recommendation. (ECF No. 57, First Action; ECF No. 34, Second Action.)  The defendants in both actions oppose. (ECF No. 59, First Action; ECF No. 37, Second Action.)  In light of the plaintiff's *pro se* status, the Court construes his filings as a motion for reconsideration of the Court's decision adopting

---

[1] The complaints in both cases concerned events surrounding the plaintiff's arrest for criminal trespassing at Hicksville High School in 2022.  On November 2, 2023, the plaintiff commenced a 42 U.S.C. § 1983 action against the Board of Education of Hicksville, USFD ("Board"), Board members and trustees, and the superintendent of schools.  *Centeno v. Bd. of Educ., USFD*, No. 23-CV-8173 (E.D.N.Y.) ("First Action").  On January 29, 2024, the plaintiff commenced a separate 42 U.S.C. § 1983 action against the County of Nassau, the Nassau County Police Department, detectives, a police sergeant, and a police officer.  *Centeno v. Cnty. of Nassau*, No. 24-CV-664 (E.D.N.Y.) ("Second Action").

2

the Report and Recommendation under Rule 60(b)(1).[2]  The Court consolidates these actions

solely for the purpose of this order.

Rule 60(b) allows the Court to relieve a party from an order in the following

circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "Rule 60(b) is 'a mechanism for extraordinary judicial relief invoked only

if the moving party demonstrates exceptional circumstances.'" *Sec. & Exch. Comm'n v. Cohen*,

671 F. Supp. 3d 319, 322 (E.D.N.Y. 2023) (quoting *Ruotolo v. City of New York*, 514 F.3d 184,

191 (2d Cir. 2008)).  "The burden of proof is on the party seeking relief from judgment," and the

"decision whether to grant a Rule 60(b) motion is committed to the sound discretion of the

district court." *Id.* (citation modified).  "A Rule 60(b) motion is properly denied where it seeks

only to relitigate issues already decided." *Maldonado v. Local 803 I.B. of Tr. Health & Welfare*

*Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (summary order).  "Although a *pro se* motion is

read liberally and interpreted to raise the strongest arguments suggested, a *pro se* litigant is not

---

[2] As discussed below, the plaintiff claims that the defendants did not serve him with Judge Wicks's report and recommendation at the jail where he was incarcerated.  Because the plaintiff is *pro se*, the Court construes his filings as a motion for reconsideration under Rule 60(b)(1), which permits a Court to relieve a party from a final judgment or order on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  On May 7, 2026, the plaintiff also filed a letter that was docketed in both cases as an objection to Judge Wicks's Report and Recommendation.  (ECF No. 58, First Action; ECF No. 35, Second Action.)  Under Rule 72, a party has fourteen days to file objections to a report and recommendation.  Fed. R. Civ. P. 72(b)(2).  Judge Wicks issued his report and recommendation on March 11, 2025, and the Court adopted it on March 27, 2025.  Accordingly, to the extent the plaintiff seeks to object to the report and recommendation, his objections are untimely.

excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion." *Rowe v. Cenlar FSB*, No. 19-CV-7278, 2022 WL 3682302, at *3 (E.D.N.Y. Aug. 25, 2022) (citation modified), *aff'd*, No. 22-1870, 2023 WL 6873092 (2d Cir. Oct. 18, 2023).

As a threshold matter, motions brought under Rules 60(b)(1) must be filed within a year of the entry of judgment. Fed. R. Civ. P. 60(c)(1). The plaintiff filed his motion more than a year after the Clerk entered judgment in both cases. (*See* ECF No. 55, First Action; ECF No. 32, Second Action.) Therefore, his motion is untimely.

Even assuming the motion was timely, it fails on the merits. "Rule 60(b)(1) permits a district court on motion to 'relieve a party . . . from a final judgment, order, or proceeding for [*inter alia*] . . . excusable neglect,' and in this context, 'excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" *Pollard v. Does*, 452 F. App'x 38, 40 (2d Cir. 2011) (summary order) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 394 (1993)). "[I]n determining whether or not there was 'excusable neglect' for purposes of Rule 60(b)(1), district courts must consider the following *Pioneer* factors: (i) The danger of prejudice to the non-moving party; (ii) The length of the delay and its potential impact on judicial proceedings; (iii) The reason for the delay, including whether it was within the reasonable control of the movant; and (iv) Whether the movant acted in good faith." *Mayes v. 490 Habitat, Inc.*, No. 18-CV-1427, 2020 WL 587112, at *3 (E.D.N.Y. Feb. 6, 2020) (citation modified). "The most important factor under a Rule 60(b)(1) inquiry is 'the reason for the delay.'" *Dudley v. City of New York*, No. 18-CV-10015, 2021 WL 5234656, at *1 (S.D.N.Y. Nov. 9, 2021) (quoting *Nastasi & Assocs., Inc. v. Bloomberg, L.P.*, No. 18-CV-12361, 2020 WL 2555281, at *2 (S.D.N.Y. May 20, 2020)).

The plaintiff argues that he was "being held hostage by Nassau County in its jail complex" when Judge Wicks issued the report and recommendation.  (ECF No. 57 at 1, First Action; ECF No. 34 at 1, Second Action.)  The plaintiff does not say when he was first incarcerated, and does not claim that he failed to prosecute the cases because he was incarcerated.[3]  Instead, he argues that the defendants did not serve the report and recommendation on him at the jail, even though they knew he was incarcerated there.  (ECF No. 57 at 1–2, First Action; ECF No. 34 at 1–2, Second Action.)  The defendants in both cases served the report and recommendation on the plaintiff at 19 Nevada Street, Hicksville, NY, 11801, the address listed for the plaintiff on both dockets.  (ECF No. 53, First Action; ECF No. 29, Second Action.)  The defendants in the First Action also emailed the report and recommendation to the plaintiff.  (ECF No. 53, First Action.)  The plaintiff never updated his address with the court; indeed, his address is still listed as 19 Nevada Street, Hicksville, NY, 11801 on both dockets.

The duty to "apprise defendants and the Court of their current addresses" is "an obligation that rests with all *pro se* plaintiffs."  *Handlin v. Garvey*, No. 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996).  This obligation extends to *pro se* plaintiffs who are incarcerated.  *Aponte v. Hobot*, No. 06-CV-555, 2007 WL 9723264, at *2 (E.D.N.Y. Oct. 10, 2007) ("Although plaintiff was incarcerated in another state when his complaint was dismissed, his incarceration does not relieve him of his obligation to notify the Court of his whereabouts, nor does incarceration relieve a *pro se* litigant of the duty to prosecute his case."), *report and recommendation adopted*, No. 06-CV-555, 2007 WL 9723265 (E.D.N.Y. Nov. 19, 2007).  Failure to do so generally does not justify relief under Rule 60(b).  *See Gulifield v. Miller*, No.

---

[3] Judge Wicks was aware when he issued his *sua sponte* report and recommendation that the plaintiff was incarcerated. (*See* ECF No. 52 at 5, 8, First Action; ECF No. 28 at 5, 8, Second Action.)

18-CV-2411, 2023 WL 8701242, at *1 (S.D.N.Y. Dec. 15, 2023); *Diaz-O'Neill v. New York State*, No. 19-CV-1336, 2023 WL 6810279, at *3 (W.D.N.Y. Oct. 16, 2023); *see also Pollard*, 452 F. App'x at 40–41 (affirming district court's finding that a *pro se* plaintiff's failure to update his current address, which caused him to miss the deadline to respond to court order he claimed not to receive, was not excusable neglect).

Application of the *Pioneer* factors warrants denial of the plaintiff's motions.  The delay — over a year — is relatively lengthy, and the defendants would be prejudiced if the Court granted the motion and reopened the case.  *See Bautista v. TAP Air Portugal*, No. 24-CV-503, 2025 WL 1224799, at *5 (S.D.N.Y. Apr. 28, 2025) (finding prejudice where the defendant "would have to engage in litigation regarding events that arose nearly nine years ago, more than a year of which is attributable to Plaintiff's failure to prosecute his claim in federal court").  More important, while the defendant's incarceration was out of his control, his ability to update his address with the Court was not.  *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366–67 (2d Cir. 2003) ("[T]he equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule," and "where the rule is entirely clear, . . . a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." (citation modified)).  The fourth factor also weighs against the plaintiff, because he "ignored repeated orders from the Court and has not diligently pursued this action at any time."  *Bautista*, 2025 WL 1224799, at *5.  Accordingly, the plaintiff's motion for reconsideration is denied.

The plaintiff says that he "expect[s] commencing [sic] new actions against the County of Nassau and several of its officers for claims of, inter alia, False imprisonment and malicious prosecution under [Section] 1983 and state common law."  (ECF No. 57 at 3, First Action; ECF No. 34 at 3, Second Action.)  Because the Court dismissed both cases without prejudice, the

6

plaintiff is free to file a new complaint asserting the claims the Court previously dismissed, subject to any applicable statute of limitations.

Accordingly, the plaintiff's motion for reconsideration is denied. The Clerk of Court is respectfully directed to mail one copy of this Order to the plaintiff at 19 Nevada Street, Hicksville, NY 11801, the address listed on both dockets as of the date of this order, and one copy of this order to the plaintiff at Attica Correctional Facility, PO Box 149, Attica, NY 14011-0149, the return address on the envelopes the plaintiff sent to the Pro Se Office, and to note the mailing on the dockets for both actions. Both cases will remain closed.

**SO ORDERED.**

s/Ann M. Donnelly
_____

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
　　　　May 29, 2026

7